PONDER, Justice.
Two petitions were filed in the family court of East Baton Rouge Parish, one alleging that the minor, Richard Peters, age 7 years, was a neglected child and was not receiving proper care, custody and control in the home of his father, Willie H. Peters, Jr., and his stepmother, Frances Daniel Maggio Peters, in that among other things severe beatings were inflicted upon the person of the child with a belt leaving bruises on his back and legs; and the other petition alleging that the child is neglected and is not receiving proper care as the father and stepmother are inadequate to provide the proper care and supervision necessary for the child’s physical and emotional health. It is alleged that the child’s mother’s whereabouts is unknown. In both petitions the request is made that the court take jurisdiction of the matter and determine what is necessary for the welfare of the child.
Upon hearing, the trial court removed the child from the care and custody of his *100 father and stepmother and placed him in the care, custody and control of his paternal grandparents, Mr. and Mrs. Willie Peters, Sr., until further orders of court. Willie Peters, Jr. and his wife, Frances Daniel Maggio Peters, have appealed. The matter has been submitted for our determination.
The evidence adduced at the hearing in the family court was not recorded hut it appears from a written summation of the evidence in the record that the minor child, Richard Peters, is seven years old and is suffering from a pituitary disturbance, resulting in his being very small for his age. He is considerably underweight and in a disturbed mental condition. His father secured a divorce from his first wife, mother of Richard, and was given custody of the child. The mother has never been heard from since that date. His father remarried and since that time has had the child in his care and custody. Prior to this second marriage, the paternal grandparents had the care and custody of the child over a period of approximately 18 months. These paternal grandparents appeared in these proceedings seeking to gain the custody of the child.
This child has been whipped for not eating properly. From the officers’ report in the record, it appears that upon their investigation they found bruises on the child’s back and right leg resulting from severe blows of a belt. According to the report of an officer, the stepmother stated that this is the only way that she could make the child eat. The child stated that his father and stepmother whipped him almost every day. We find in the evidence a statement signed by the Judge and District Attorney of the 20th Judicial District Court, the Sheriff of East Feliciana Parish, and the Mayor of Clinton, Louisiana, to the effect that the paternal grandparents dearly love this child and are presently taking good care of him, that when they had the child in custody from the date he was three years old to the time he was approximately five years, that he received splendid care, that the paternal grandparents are well able financially to take care of the child.
There is evidence in the record that the child was whipped on other occasions; however, there was evidence produced by the father and stepmother to the effect that the child had been well provided for when in their custody.
This child was examined by Dr. Charles A. Feigley, a psychiatrist residing in Baton Rouge, Louisiana, who stated that the child is small for his age and has the appearance of a diminutive old man and appeared to be greatly frightened. He further stated that: “In the interview with his father and stepmother, with whom he has lived since February 1957, it came out that these are very insensitive people who see Richard as some sort of threat to them. Both seem to feel that there is a battle between them and Richard, their solution being that they will intimidate and force him in a threatening way to do what they wish.”
Under the facts in this case, we do not feel warranted in disturbing the findings of the family court because the trial judge is in a better position to evaluate the testimony by having the opportunity to observe the demeanor of the various witnesses when they testify. In cases of this nature we are loathe to disturb the findings of a juvenile or family court and will not do so unless the evidence convinces us he was in error.
For the reasons assigned, the judgment of the family court is affirmed.